DARLENE C. VIGIL
State Bar No. 223442
BARRETT DAFFIN FRAPPIER
TREDER & WEISS, LLP
20955 Pathfinder Road, Suite 300
Diamond Bar, California 91765
(626) 915-5714 – Phone
(626) 915-0289 - Fax
File No. 8127169
sdcaecf@BDFGroup.com

Attorneys for Objecting Secured Creditor
NATIONSTAR MORTGAGE LLC

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re: | CASE NO.:   19-00064-LT13 |
| JAMES A. CALWELL<br>NORMA O. DAVIDSON CALWELL | CHAPTER:   13 |
| Debtors. | OBJECTION TO CONFIRMATION OF CHAPTER 13 PLAN |
| | <u>Objection Hearing</u> DATE/TIME:   April 2, 2019 at 10:00 a.m.<br>PLACE   U.S. Bankruptcy Court<br>Dept. 3<br>325 West "F" Street<br>San Diego, CA 92101-6991 |

    Secured Creditor Nationstar Mortgage LLC ("Nationstar") ("Secured Creditor") hereby submits the following objection to Debtors James A. Calwell and Norma O. Davidson Calwell's ("Debtors") Chapter 13 Plan filed on January 7, 2019 ("Plan") on the following grounds:

    1.    Nationstar holds a secured claim evidenced by a promissory note in the original amount of $250,250.00 ("Note") executed by Debtors on or about December 8, 2005 collateralized by a first priority deed of trust encumbering Debtors' real property located at **5606 Caminito Roberto, San Diego, CA 92111** ("Property") and recorded on December 19, 2005, as

Instrument No. 2005-1086668, in the Official Records of San Diego County, California. Debtors' Schedules A and D filed in this case identify the Property and secured loan obligation in favor of Nationstar.

    2.    Nationstar respectfully requests this Court to take judicial notice of Nationstar's Proof of Claim No. 2-1 filed on February 8, 2019, pursuant to F.R.E. Rule 201.  Nationstar's Proof of Claim reflects that at the time of filing of this case, Nationstar's claim totaled $214,736.20 and the pre-petition arrearages totaled $1,383.76.  The Proof of Claim also reflects the post-petition mortgage payment amount as $1,401.50.

    3.    Debtors' Plan does not provide for payment of the pre-petition arrearages or ongoing monthly mortgage payment.

    4.    Based on the foregoing, the Debtors' Plan does not comply with the provisions of the United States Bankruptcy Code.  Debtors' Plan cannot be confirmed as the Plan fails to provide for Nationstar's arrearage claim and fails to meet the feasibility requirement.  (See 11 U.S.C. § § 1322(b)(5), 1325(a)(6)).   Debtors bear the burden of proof to show that the Plan meets the feasibility requirement of 11 U.S.C. §1325(a)(6).  In this case, Debtors have failed to meet that burden. See *In re: Huerta* 137 B.R. 356, 365 (Bkrtcy.C.D.Cal., 1992), *In re: Wolff* 22 B.R. 510, 512 (9th Cir. BAP (Cal.) 1982), *In re: Hill* 268 B.R. 548, 552 (9th Cir. BAP (Cal.), 2001).

    WHEREFORE, this objecting creditor prays as follows:

    1.    That the court deny confirmation of the Debtors' Chapter 13 Plan; and

    2.    For such other relief as this Court deems proper.

                                            BARRETT DAFFIN FRAPPIER
                                            TREDER & WEISS, LLP

Dated:  February 12, 2019                 By:    /s/ Darlene C. Vigil_____
                                                        DARLENE C. VIGIL
                                                        Attorneys for Secured Creditor
                                                        NATIONSTAR MORTGAGE LLC