CSD 1159A [07/01/18]

Name, Address, Telephone No. & I.D. No.

Kristin A. Zilberstein, Esq. (SBN: 200041)
Jennifer R. Bergh, Esq. (SBN 305219)
Adam P. Thursby, Esq. (SBN 318465)
GHIDOTTI | BERGER LLP
1920 Old Tustin Ave.
Santa Ana, CA 92705
Ph: (949) 427-2010 ext. 1010
Fax: (949) 427-2732

Order Entered on April 19, 2019
by Clerk U.S. Bankruptcy Court
Southern District of California

## UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF CALIFORNIA
325 West F Street, San Diego, California 92101-6991

| | |
|---|---|
| In Re    James A Calwell and Norma O. Davidson Calwell<br><br>Debtor. | BANKRUPTCY NO.   19-00064-LT13 |
| U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust<br><br>Movant(s) | RS NO.  KAZ-1 |
| v.  James A Calwell and Norma O. Davidson Calwell<br><br>Respondent(s) | Date of Hearing: 4/25/2019<br>Time of Hearing: 10:00 AM<br>Name of Judge:  Laura S. Taylor |

## ORDER ON
### Motion for Relief from the Automatic Stay

The court orders as set forth on the continuation pages attached and numbered 2 through 3 with exhibits, if any, for a total of 3 pages. Motion/Application Docket Entry No. 22.

//

//

//

//

//

DATED:    April 19, 2019

Judge, United States Bankruptcy Court

ORDER ON Motion for Relief from the Automatic Stay

DEBTOR: James A Calwell and Norma O. Davidson Calwell          CASE NO.: 19-00064-LT13

RS NO.: KAZ-1

---

U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust, its successors and/or assigns ("Movant") and Debtors, James A Calwell and Norma O. Davidson Calwell ("Debtors") by and through their respetive counsel STIPULATE as follows:

1) This Stipulation affects the real property commonly known as, 3720 VIA DEL CONQUISTADOR, San Diego, CA 92117.

2) Commencing May 1, 2019, Debtors shall make regular monthly post-petition payments in the amount of $2,460.25 and continuing on the first day of each month thereafter pursuant to the terms of the Note and Deed of Trust.

3) Payments shall be made directly to Movant's servicer, BSI Financial Services, at 314 S Franklin Street, Titusville, PA 16354, with reference to the last four digits of the loan number 3414, or as otherwise directed.

4) Debtors have a post-petition default of $10,872.00 incluidng four missed payments of $2,460.25 each and $1,031.00 attorneys fees and costs associated with the filing of the Motion for Relief.

5) Commencing May 15, 2019 through and including October 15, 2019, Debtors shall make payments of $1,1812.00 to cure the post-petition default.

6) The stay shall remain in place as long as the monthly payments and cure payments are made.

7) The Debtors shall timely peform all of their obligations under Movant's loan documents as they come due.

8) In the event Debtors fail to timely perform any of the obligations set forth in this Order, Movant shall notify Debtor and Debtor's counsel of the default in writing. Movant shall give Debtors written notice of the default by U.S. mail. Debtors shall have ten (10) calendar days from the date of the written notification to cure the default.

9) If Debtors fail to cure the dfault within ten (10) days of the date of service of the notice, Movant may file and serve a declaration under penalty of perjury specifying the default, together with a proposed order terminating the sty, which the court may grant without further notice or hearing.

10) Notwithstanding anything contained in this Adequate Protection Agreement to the contrary, the Debtors shall be entitled to a maximum of three (3) Notice of Default and Opportunity to cure pursuant to the preceding paragraph. Once the Debtors has defaulted one time on the obligations imposed by this order and has been served with three (3) Notices of Default, Movant is relieved of any obligation to serve additional notices of default or to provide additional opportunities to cure. If an event of default occurs thereafter, Movant will be entitled, without first serving a notice of default or providing the Debtors with an opportunity to cure, to file and serve a declaration under penalty of perjury setting forth in detail the Debtors' failures to perform under this Adequate Protection Agreement, together with a proposed order terminating the stay, which the court may enter without further notice or hearing.

11) Movant shall be entitled to charge a fee of $150.00 for any ten (10) day written notice required because of default.

12) Movant may accept any and all payments made pursuant to this Order without prejudice to or waiver of any rights or remedies to which Movant would otherwise have been entitled under applicable nonbankruptcy law.

13) This Adequate Protection Agreement is binding only during the pendency of this bankruptcy case. If, at any time, the stay is terminated with respect to the Property by court order or by operation of law, this Adequate Protection Agreement ceases to be binding and Movant may proceed to enforce its remedies under applicable nonbankruptcy law against the Property and/or against the Debtor.

14) In the event this case is converted to a Chapter 7 proceeding, the Automatic Stay shall be terminated without further notice, order or proceedings of the court. If the Automatic Stay is terminated as a matter of law, the terms of this Order shall immediately cease in effect and Movant may proceed to enforce its remedies under non-bankruptcy law against the Property and/or the Debtor.

15) The fourteen day stay described in Bankruptcy Rule 4001(a)(3) is waived upon relief.

CSD 1159A [07/01/18]

Page **3** of **3**

ORDER ON Motion for Relief from the Automatic Stay

Debtor James A Calwell and Norma O. Davidson Calwel

CASE NO. 19-00064-LT13
RS NO: KAZ-1

16) If this matter is resolved prior to the hearing date the matter shall be removed from the Court's Calendar.

17) The Guideline fees of $650 in association with the opposition to the Motion for Relief are ordered to be paid through the plan.

/s/ Kristin A. Zilberstein
Kristin A. Zilberstein, Esq.
Counsel for U.S. Bank Trust, N.A., as Trustee of the Igloo Series III Trust

Gregory Highnote, Esq.
Cousnel for Debtors

CSD 1159A

Signed by Judge Laura Stuart Taylor April 19, 2019